NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided April 14, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3121

| | |
|---|---|
| IN RE: MARJORIE E. GIBSON,<br>    *Defendant-Appellant*,<br><br>    *v.*<br><br>TOM and VICKY KRIESCHER,<br>    *Plaintiffs-Appellees*. | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 15-cv-783-bbc<br><br>Barbara B. Crabb,<br>*Judge*. |

## O R D E R

Marjorie Gibson, a Chapter 7 debtor, appeals the district court's order upholding the bankruptcy court's ruling that certain of her debts are non-dischargeable under 11 U.S.C. § 523(a)(4). The bankruptcy court granted summary judgment with respect to her creditors' claim that state-court damages in the amount of $200,487 were

---

[*] We have agreed to decide the case without oral argument because the issues have been authoritatively decided. *See* FED. R. APP. P. 34(a)(2)(B).

non-dischargeable because they represented embezzled revenue from the company Gibson co-owned with her creditors, Tom and Vicky Kriescher. We affirm.

This bankruptcy case arose from a lawsuit the Krieschers brought against Gibson in Minnesota state court for fraud "while acting in a fiduciary capacity." The Krieschers and Gibson were co-owners of a Minnesota corporation called Marjac, Inc., which contracted with Federal Express to deliver packages in the Twin Cities area. The Krieschers sued Gibson for allegedly misusing route revenue, misrepresenting her assets, and refusing to honor a buyout agreement. The case went to trial in Minnesota state court, and on the third day Gibson failed to appear in court. The Krieschers moved for a default judgment, which the court then granted and awarded them $364,540.25 in damages.

Gibson, represented by counsel, subsequently sought bankruptcy protection in the Western District of Wisconsin. Soon thereafter, the Krieschers initiated an adversary proceeding in bankruptcy court, seeking to have their judgment against Gibson declared non-dischargeable under § 523(a)(4), which applies to debts incurred as a result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The bankruptcy court concluded that $200,487 of the total state-court damages award was non-dischargeable because the state court's judgment contained findings sufficient to prove the elements for both embezzlement and defalcation while acting in a fiduciary capacity. The bankruptcy court also determined that, despite the state court finding her liable in a default judgment, Gibson had a full and fair opportunity to be heard under Minnesota law, and therefore the state court's judgment could be given preclusive effect.

Gibson, still counseled, appealed the bankruptcy court's determination to the district court. She argued that the state-court's factual findings did not establish that she had acted with the fraudulent and purposeful state of mind necessary to establish the elements of embezzlement and defalcation under § 523(a)(4). Alternatively, she argued that it would be "fundamentally unfair" to give preclusive effect to the state-court's judgment. She points, in support, to one instance in which the state judge gave an "improper and unusual" instruction to the Krieschers' counsel to draft the contents of a proposed default judgment that would prevent Gibson from discharging the Krieschers' claims in bankruptcy.

The district court upheld the bankruptcy court's judgment. Judge Crabb agreed with the bankruptcy court's conclusion that the state court's judgment included the necessary findings to prove embezzlement under § 523(a)(4). But she parted ways with

the bankruptcy court when she concluded that the standard for fraudulent intent was no less restrictive under Minnesota law than the standard imposed by § 523(a)(4). Judge Crabb went on to conclude that Gibson had failed to show that she was treated unfairly by the state court. Gibson did not show that she was unfairly prejudiced by the state judge's instruction, Judge Crabb explained, and in any event Gibson did not deny that the Krieschers were entitled to a default judgment for her retention of earnings that belonged to them.

On appeal, Gibson—now proceeding pro se—makes no challenge to the determination that the state court's judgment adequately substantiated the findings necessary to prove embezzlement under § 523(a)(4). Her argument on appeal is difficult to follow, but she seems to argue that it was "fundamentally unfair" for the bankruptcy court to give preclusive effect to the state-court judgment. To the extent that Gibson now asks this court to revisit the validity of the state-court's judgment on grounds of procedural error, such a challenge is barred by the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–416 (1923).

Gibson also asserts on appeal that she "never embezzled any money" and that the Krieschers didn't satisfy their burden of proof to show that she had fraudulent intent. But this argument is merely another attempt to relitigate the Minnesota judgment and therefore also is barred by *Rooker-Feldman*.

We have reviewed the record and affirm for substantially the reasons stated by the district court.

AFFIRMED.